# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 15-1466V

Filed: July 26, 2016

```
*  *  *  *  *  *  *  *  *  *  *  *  *          UNPUBLISHED
SARAH MORRIS, on behalf of her minor          *
child, G.M.,                                  *
                                              *
               Petitioner,                    *          Chief Special Master Dorsey
                                              *
v.                                            *          Attorneys' Fees and Costs
                                              *
SECRETARY OF HEALTH                           *
AND HUMAN SERVICES,                           *
                                              *
               Respondent.                    *
                                              *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
Christine M. Becer, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 3, 2015, Sarah Morris ("petitioner") filed a petition on behalf of her minor child, G.M., pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 to 34 (2012). Petitioner alleged that G.M. suffered a severe adverse reaction to the MMR, Hepatitis A, Hepatitis B, and Varicella vaccinations he received on March 6, 2013, and the DTap, Hib, and Prevnar vaccines he received on June 11, 2013. Petition at 1.

On June 29, 2016, petitioner filed a Motion for a Decision Dismissing her Petition, and a Decision Dismissing the Petition was issued on July 5, 2016. Petitioner filed an unopposed motion for attorneys' fees and costs on July 6, 2016, requesting $9,554.50 in attorneys' fees and $970.13 in attorneys' costs, for a total fees and costs request of $10,524.63. Petitioner's ("Pet'r's") Application ("App.") at 1. In accordance with General Order #9, petitioner's counsel states that petitioner did not incur any costs in pursuit of the claim. Id. Petitioner's application

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

states that respondent does not oppose the requested amount of $10,524.63 for attorneys' fees and costs. Id. Respondent did not file a response to petitioner's application. This matter is now ripe for adjudication.

## I.  Attorneys' Fees and Costs

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). Respondent has not objected to petitioner's application for fees and costs on the basis of a lack of good faith or reasonable basis. The undersigned finds that petitioner brought her petition in good faith and with a reasonable basis at the outset. However, petitioner's counsel was advised at the Rule 5 status conference on May 17, 2016, that the undersigned did not believe a reasonable basis existed for petitioner to proceed further with her claim, and that fees and costs would not be awarded moving forward. Order, dated May 18, 2016, at 4.

### a.  Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d at 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348. Under the Vaccine Act, a reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. at 1347-48.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cl. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).

#### i.  Hourly Rates

Petitioner requests the following hourly rates: $350 per hour for Andrew D. Downing, $195 per hour for Jordan C. Redman, $100 per hour for Robert W. Cain, and $100 per hour for Danielle P. Avery. Pet'r's App., Ex. A, at 20. These rates are consistent with rates previously found reasonable for Mr. Downing and his associates. See, e.g. Al-Uffi v. Sec'y of Health & Human Servs., No. 13-956V, 2015 WL 6181669, at *11 (Fed. Cl. Spec. Mstr. Sept. 30, 2015);

Uscher v. Sec'y of Health & Human Servs., No. 15-798V, 2016 WL 3670518 (Fed. Cl. Spec. Mstr. June 15, 2016). The undersigned also notes that the requested rates are consistent with the rates billed by Mr. Downing and his associates in several cases where fees were awarded pursuant to joint stipulations by the parties. The undersigned finds the requested rates reasonable.

### ii. Hours Expended

Petitioner requests compensation for 14.20 hours of work performed by Mr. Downing, 1.10 hours of work performed by Mr. Redmond, 25.30 hours of work performed by Mr. Cain, and 18.40 of work performed by Ms. Avery. See generally, Pet'r's App., Ex. A. Counsel billed minimal and reasonable hours after the Rule 5 status conference on May 17, 2016, for the purpose of communicating with petitioner and exiting the Program. Pet'r's App., Ex. A, at 2-3; 16-17. Petitioner's application includes a detailed record of the time spent and services performed, and the undersigned finds the hours expended reasonable.

### b. Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests $970.13 in attorneys' costs. Pet'r's App., Ex. A, at 19. The undersigned finds the requested costs, which consist of medical record fees, photocopying charges, the filing fee, postage, and fax charges, to be reasonable.

## II. Conclusion

The undersigned finds the total requested attorneys' fees and costs of $10,524.63 reasonable. The undersigned awards attorneys' fees and costs as follows:

> **(1) A lump sum of $10,524.63 in the form of a check payable jointly to petitioner and petitioner's counsel of record, Andrew D. Downing, Esq., for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment forthwith.[2]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.